## UNION NATIONAL BANK OF MUNCIE v. FRANKLIN SCHOOL TOWNSHIP ET AL.

[No. 4,789. Filed October 14, 1903.]

From Hendricks Circuit Court; *S. A. Hays*, Special Judge.

Action by Union National Bank of Muncie, Indiana, against Franklin School Township and others. From a judgment for defendants, plaintiff appeals. *Affirmed.*

*E. G. Hogate* and *J. L. Clark*, for appellant.
*G. W. Brill* and *G. C. Harvey*, for appellees.

WILEY, J.—This cause was transferred from the Supreme Court.

Appellant was plaintiff below, and brought its action, as assignee, upon a township note, or warrant, given as an evidence of indebtedness for heaters and ventilators purchased for the use of one of the schools of appellee township. The complaint, which is in one paragraph, seeks a recovery solely upon the *quantum meruit*. The cause was put at issue before the regular judge, and thereupon a change of venue being taken from him a special judge was appointed and called to try it. At the request of one of the parties the court made a special finding of facts and stated its conclusions of law thereon. The conclusions of law were adverse to appellant, and the assignment of errors questions their correctness.

As the questions involved in this appeal are substantially the same as those decided by this court in the case of *Lincoln School Tp.* v. *American, etc., Co., ante, 405,* we do not deem it necessary to set out the special findings. It is sufficient to say that it is found as a fact that the trustee, in the purchase of heaters, etc., did not comply with the provisions of the act of February 27, 1899, and hence could not bind the township. It is also found that the price agreed to be paid for the articles furnished was reasonable, and that they were suitable and necessary for the uses intended.

In the case cited we held: (1) That a contract of this character, not made in conformity with the provisions of the "reform law" of 1899, could not be enforced; (2) that where goods are sold to a township under a contract not in conformity to the "reform law," although necessary and suitable to the purposes intended, and retained and used by the township, recovery could not be had upon the *quantum meruit*, and (3) that the act of March 4, 1899, did not repeal the act of February 27, 1899. We still adhere to the rulings in that case and the cases cited in support of it, and upon their authority the judgment is affirmed.